UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

WANGSON BIOTECHNOLOGY GROUP, INC., a California corporation,

    Plaintiff,

  v.

TAN TAN TRADING CO., Inc. a California corporation, *et al.*,

    Defendants.

No. C 08-04212 SBA

**ORDER**

[Docket No. 24]

Before the Court is defendant Cathay Chinese Herbs' Ex-Parte Motion To: (1) Extend Time within which to File a Responsive Pleading to the Complaint; and (2) Continue OSC regarding Preliminary Injunction (the "Ex Parte Motion") [Docket No. 24].  Plaintiff Wangson Biotechnology Group, Inc. ("Wangson") manufacturers and distributes vitamins, mineral supplements, and dietary supplements, including Liveren G ("LG"), a liver supplement, and Pentagyn, a heart supplement. *See* Docket No. 3.  Defendants Tan Tan Trading Co., Inc. ("Tan Tan") and Cathay Chinese Herbs ("Cathay") are business entities which allegedly sell legitimate as well as counterfeit LG and Pentagyn. *See id.*  Wangson has sued defendants for trademark infringement under 15 U.S.C. § 1114(1), false designation of origin under 15 U.S.C. § 1125(a), trademark infringement and unfair competition under California law, including section 17200 of the California Business and Professions Code, and for common law trademark infringement and unfair competition. *See* Docket No. 1 at 1.  Wangson alleges defendants sell counterfeit supplements in counterfeit packaging almost identical to its packaging. *See* Docket No. 3.

    On September 11, 2008, the Court denied in part and granted in part Wangson's Ex Parte Motion for Temporary Restraining Order, Seizure Order, Order Accelerating Discovery, and Order to Show Cause for Preliminary Injunction [Docket No. 2]. *See* Docket No. 18.  The Court denied the requests for a temporary restraining order, a seizure order, and for leave to take early discovery. *See id.*  The Court, however, granted the remaining request, setting an order to show cause hearing

1 regarding issuing a preliminary injunction, for October 7, 2008.  *See id.*  Wangson seeks to
2 preliminary enjoin defendants from manufacturing, distributing, supplying, selling, or offering for
3 sale counterfeit LG and Pentagyn.  *See id.*  The Court required Wangson to hand serve pleadings
4 filed in this matter, on defendants, by September 12, 2008, so they could file oppositions, if any, by
5 September 22, 2008, and Wangson could file a reply, if any, by September 29, 2008.  *See id.*

6       To-date Tan Tan has not filed any pleadings.  On October 3, 2008, Cathay filed the Ex Parte
7 Motion before the Court.  *See* Docket No. 24.  Cathay's counsel declares Cathay first contacted him
8 on September 26, 2008, but due to his deposition schedule, he could not meet with Cathay until
9 October 2, 2008.  Decl. of Richard C. J. Wahng ¶ 4.  Prior to meeting, Cathay told counsel it had
10 received a summons on September 12, 2008.  *Id.* ¶ 6.  Cathay, however, did not receive the Court's
11 September 11, 2008 Order.  Ex Parte Mot. at 3 n.1.  Prior to meeting, counsel obtained permission to
12 contact Wangson's counsel to request a stipulation for a two-week extension to (1) respond to the
13 summons and (2) file a pleading for the OSC hearing.  Wahng Decl. ¶ 6.  On September 29, 2008,
14 Wangson's counsel declined to stipulate to continue the hearing but took no position regarding an
15 extension to respond to the summons.  *Id.* ¶ 7.  On October 1, 2008, during a follow-up telephone
16 call, Wangson's counsel indicated it would not stipulate to extend Cathay's time to respond to its
17 summons.  *Id.* ¶ 8.  On October 2, 2008, at 6:30 p.m., Cathay retained counsel.  *Id.* ¶ 4.  On
18 October 3, 2008, Cathay's counsel left a voice mail for Wangson's counsel, stating he was filing the
19 Ex Parte Motion before the Court.  *Id.* ¶ 9.

20       Under Civil Local Rule 6-3, the Court may change the time to take an action for good cause.
21 Cathay's counsel states Cathay did not receive a copy of the Court's September 11, 2008 Order, on
22 September 12, 2008.  Proofs of service filed by Wangson show documents were served on Cathay
23 and Tan Tan on September 12, 2008, but they do not indicate whether the September 11, 2008 Order
24 was among them.  *See* Docket Nos. 22-23.  Although Cathay's counsel does not declare his
25 statement regarding Cathay's non-receipt of the Court's Order, the Court accords substantial weight
26 to any representation by an officer of the Court, declared or otherwise.  Given the absence of
27 contradictory evidence, the fact the Court did not find sufficient exigencies to justify a TRO, and the
28 ///

substantial impact a preliminary injunction could have on Cathay's business, good cause exists to GRANT the Ex Parte Motion, so Cathay may file an adequately prepared opposition.

Accordingly, the Court GRANTS Cathay Chinese Herbs' Ex-Parte Motion To: (1) Extend Time within which to File a Responsive Pleading to the Complaint; and (2) Continue OSC regarding Preliminary Injunction [Docket No. 24]. Cathay may have two additional weeks to respond to Wangson's summons. The hearing set for October 7, 2008, at 1:00 p.m., in Courtroom 3 of the United States Courthouse, 1301 Clay Street, 3rd Floor, Oakland, California, 94612, is CONTINUED to October 28, 2008, at 1:00 p.m., in the same location. Cathay's deadline to file an opposition, if any, to Wangson's requested preliminary injunction, is October 14, 2008. Wangson's deadline to file a reply, if any, is October 21, 2008.

IT IS SO ORDERED.

October 3, 2008

_____
Saundra Brown Armstrong
United States District Judge